UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMA DUNN and ALANA DUNN, | Case No. 1:25-cv-00565-JLT-BAM |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE |
| v. | |
| MARCLITE ELECTRICAL CORPORATION, et al., | (Doc. 2) |
| Defendants. | **FOURTEEN-DAY DEADLINE** |

Plaintiffs Emma Dunn and Alana Dunn, proceeding pro se, filed this action on May 12, 2025. (Doc. 1.) The complaint was not signed by either plaintiff.

On May 15, 2025, the Court issued an order striking Plaintiffs' unsigned complaint. (Doc. 2.) The Court also directed Plaintiffs to file a signed complaint within thirty days of service of the Court's order. (*Id.*) Plaintiffs were expressly warned that that failure to comply with the Court's order would result in dismissal of this action for failure to prosecute and failure to obey a court order. (*Id.*)

The deadline for Plaintiffs to file a signed complaint has passed. Plaintiffs have not complied with the Court's order or otherwise communicated with the Court.

**I.    Discussion**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .

1

within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.,* 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.,* 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order). Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[1]

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, this action has been pending May 12, 2025, and Plaintiffs' signed complaint is overdue. The action cannot proceed without a signed complaint. The action also cannot proceed without Plaintiffs' cooperation and compliance with the Court's orders and Local Rules. Moreover, the Court cannot hold this case in abeyance awaiting compliance by Plaintiffs. The Court additionally cannot effectively manage its docket if Plaintiffs cease litigating their case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal, as a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose

---

[1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. *Hells Canyon Pres. Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

1  responsibility it is to move a case toward disposition on the merits but whose conduct impedes
2  progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Prods.*
3  *Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). Additionally, given the
4  Plaintiffs' failure to file a signed complaint or otherwise communicate with the Court, there are
5  no other reasonable alternatives available to address Plaintiffs' failure to prosecute this action. *Id.*
6  at 1228–29; *Carey*, 856 F.2d at 1441.

7  Finally, the Court's warning to a party that failure to obey the Court's order will result in
8  dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262;
9  *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's May 15, 2025 order expressly
10 warned Plaintiffs that their failure to comply would result in dismissal of this action. (Doc. 2 at
11 2.) Thus, Plaintiffs had adequate warning that dismissal could result from their noncompliance.

12 Additionally, at this stage in the proceedings there is little available to the Court that
13 would constitute a satisfactory lesser sanction while protecting the Court from further
14 unnecessary expenditure of its scarce resources. Given Plaintiffs' failure to respond to the
15 Court's order or communicate with the Court indicates that monetary sanctions are of little use.[2]
16 Further, the preclusion of evidence or witnesses is likely to have no effect given that Plaintiffs
17 have ceased litigating their case.

18 **II.      Conclusion and Recommendation**

19 Accordingly, it is HEREBY RECOMMENDED that this action be dismissed based on
20 Plaintiffs' failure to obey the Court's order and failure to prosecute this action.

21 These Findings and Recommendations will be submitted to the United States District
22 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within
23 **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiffs may
24 file written objections with the court. The document should be captioned "Objections to
25 Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed**
26 **fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page**

---

[2] Plaintiffs have not filed applications to proceed in forma pauperis nor paid the filing fee for this action.

**number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** Plaintiffs are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 26, 2025**              /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE