UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMA DUNN and ALANA DUNN,<br><br>Plaintiffs,<br><br>v.<br><br>MARCLITE ELECTRICAL CORPORATION FLORIDA et al.,<br><br>Defendants. | Case No. 1:25-cv-00565-JLT-BAM<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND REQUIRING PLAINTIFFS TO PAY THE FILING FEE<br><br>(Doc. 10.)<br><br>**FOURTEEN DAY DEADLINE** |

      Emma Dunn and Alana Dunn (collectively, "Plaintiffs"), proceeding *pro se*, filed this action on May 12, 2025.[1] (Doc. 1.) Plaintiffs did not pay the filing fee, nor did they submit applications to proceed *in forma pauperis*. On July 15, 2025, the Court ordered that Plaintiffs either (1) pay one $405.00 filing fee for this action; or (2) each Plaintiff submit an application to proceed *in forma pauperis*, completed and signed, within twenty-one (21) days of service of the order. (Doc. 8.) On July 25, 2025, Plaintiff Alana Dunn filed a short form application to proceed

---

[1] Plaintiffs filed a Complaint against Defendants Acceptance Insurances, Cost-u-Less Insruances, Freeway Insurance, Inifinity Insurances, J&B Heranandez Construction, Kemper Insurance, Marclite Electrical Corporation Florida, and Social Security Entities. (Doc. 1.) On May 15, 2025, the Court struck Plaintiffs' complaint for lack of signatures and directed Plaintiffs to file a signed complaint within thirty days. (Doc. 2.) On July 14, 2025, Plaintiffs filed a signed complaint. (Doc. 7.) On July 23, 2025, Plaintiffs filed a First Amended Complaint. (Doc. 9.) On August 5, 2025, Plaintiffs filed a Second Amended Complaint. (Doc. 11.)

1

1  *in forma pauperis*.  (Doc. 10.)  Plaintiff Emma Dunn has not filed an application to proceed *in*
2  *forma pauperis*.

3        In order to proceed in court without prepayment of the filing fee, a plaintiff must submit
4  an affidavit demonstrating they are "unable to pay such fees or give security therefor." 28 U.S.C.
5  § 1915(a)(1).  The right to proceed without prepayment of fees in a civil case is a privilege and
6  not a right.  *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194,
7  198 n.2 (1993); *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("permission to proceed
8  in forma pauperis is itself a matter of privilege and not right; denial of *in forma pauperis* status
9  does not violate the applicant's right to due process").  A plaintiff need not be absolutely destitute
10 to proceed *in forma pauperis* and the application is sufficient if it states that due to a plaintiff's
11 poverty, she is unable to pay the costs and still be able to provide herself and her dependents with
12 the necessities of life.  *Adkins v. E.I. DuPont de Nemours & Co*., 335 U.S. 331, 339 (1948).
13 Whether to grant or deny an application to proceed without prepayment of fees is an exercise of
14 the district court's discretion.  *Escobedo v. Applebees*, 787 F.3d 1226, 1236 (9th Cir. 2015).

15       In assessing whether a certain income level meets the poverty threshold under Section
16 1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department
17 of Health and Human Services.  *See Martinez v. Kristi Kleaners, Inc*., 364 F.3d 1305, 1307 n.5
18 (11th Cir. 2004); *Boulas v. United States Postal Serv*., No. 1:18-cv-01163-LJO-BAM, 2018 WL
19 6615075, at *1 (E.D. Cal. Nov. 1, 2018) (applying federal poverty guidelines to *in forma pauperis*
20 application).

21       In Plaintiff Alana Dunn's short form application to proceed *in forma pauperis*, she
22 proffers that her gross pay or wages are $5,060.00 comprised of $3,060.00 from disability or
23 worker's compensation payments.  (Doc. 10 at 1.)  Alana Dunn does not account for the
24 remaining $2,000.00, nor does she indicate whether she expects any major changes to her income
25 over the next 12 months.  Alana Dunn claims four dependents.  (*Id.* at 2.)  Alana Dunn claims
26 monthly expenses in the amount of: (1) either $415.00 or $365.00 for utilities, depending on the
27 season; (2) $500.00 for housing supplies and food; (3) $35.00 for monthly credit card payments;
28 (4) $750.00 for payments on furniture; (5) $172.00 for payments on a vacuum; (6) $1,100.00 for

1  car payments; and (7) $180.00 for car insurance, which her brother assists with.  (*Id.*)  Alana
2  Dunn claims debts and financial obligations in the total amount of $66,000.00 for "SSI/SSA/SSP"
3  overpayment.  (*Id.*)  Alana Dunn claims one asset: a 2019 Chevrolet Tahoe proffered to be valued
4  at $62,000.00.  (*Id.*)

5        The Court finds the information contained in Plaintiff Alana Dunn's application is
6  inconsistent with a finding of poverty based on household income, stated expenses, and stated
7  assets.  Plaintiff's annual household income is $60,720.00 ($5,060.00 x 12), which is more than
8  one and a half times the poverty guideline for a five person household ($37,650.00).  2025
9  Poverty Guidelines, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines
10 (last visited August 6, 2025).  District courts tend to reject IFP applications where the applicant
11 can pay the filing fee with acceptable sacrifice to other expenses.  *Pogue v. San Diego Superior*
12 *Ct.*, No. 17-CV-01091-BAS-JMA, 2017 WL 11094959, at *1 (S.D. Cal. May 30, 2017).  It does
13 not appear that Plaintiff would be rendered destitute by paying the filing fee of $405.  The Court
14 thus finds the information contained in Plaintiff Alana Dunn's application to be inconsistent with
15 a finding of poverty.  "Where there are multiple plaintiffs in a single action, the plaintiffs may not
16 proceed in forma pauperis unless all of them demonstrate inability to pay the filing fee."  *Darden*
17 *v. Indymac Bancorp, Inc.*, No. Civ S–09 2970 JAM DAD PS, 2009 WL 5206637, at *1 (E.D. Cal.
18 Dec. 23, 2009) (finding that *in forma pauperis* applications failed to establish that each plaintiff
19 was unable to pay the filing fee or that the five plaintiffs together could not pay the filing fee); *see*
20 *also Anderson v. California*, No. 10-cv-2216 MMA AJB, 2010 WL 4316996, at *1 (S.D. Cal.
21 Oct. 27, 2010) ("[A]lthough only one filing fee needs to be paid per case, if multiple plaintiffs
22 seek to proceed *in forma pauperis*, each plaintiff must qualify for IFP status.").  Even if Plaintiff
23 Emma Dunn were to individually qualify to proceed *in forma pauperis*, Alana Dunn is also a
24 named party in this action.  Because the Court recommends finding Plaintiff Alana Dunn fails to
25 establish she is unable to pay the filing fee, the Court recommends denying her application to
26 proceed *in forma pauperis* and requiring Plaintiffs to pay one filing fee to proceed in this action.

27       Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's application to proceed *in*
28 *forma pauperis* be DENIED and Plaintiffs be ordered to pay the $405.00 filing fee for this action.

1  These findings and recommendations are submitted to the district judge assigned to this action,
2  pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days
3  of service of this recommendation, Plaintiff may file written objections to these findings and
4  recommendations with the Court limited to 15 pages in length, including any exhibits. Such a
5  document should be captioned "Objections to Magistrate Judge's Findings and
6  Recommendations." The district judge will review the magistrate judge's findings and
7  recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file
8  objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v.*
9  *Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th
10 Cir. 1991)).

IT IS SO ORDERED.

   Dated:  **August 6, 2025**              /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE

4