# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMA DUNN and ALANA DUNN,<br><br>Plaintiff,<br><br>v.<br><br>MARCLITE ELECTRICAL CORPORATION FLORIDA, et al.,<br><br>Defendants. | Case No. 1:25-cv-00565 JLT BAM<br><br>ORDER REGARDING PLAINTIFF ALANA DUNN'S NOTICE OF DISMISSAL WITHOUT PREJUDICE AND DENYING REQUEST FOR REFUND<br><br>(Doc. 29) |

Emma Dunn and Alana Dunn, proceeding *pro se*, initiated this civil action against defendants on May 12, 2025. On November 7, 2025, the Court granted Plaintiffs leave to amend and directed Plaintiffs to file their second amended complaint within thirty days. (Doc. 15.) The order sent to Emma Dunn was returned as "Undeliverable, Return to Sender, Attempted – Not Know, Unable to Forward" on November 24, 2025.[1] (*See* Docket.)

On November 24, 2025, Plaintiff Alana Dunn filed a document titled "Dismissal without Prejudice." (Doc. 16.) Plaintiff states that she does not "have time to put a fight in court" and she therefore asks for a refund of her filing fee. (*Id.*)

The Court construes Plaintiff Alana Dunn's filing as a notice of voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41(a), which permits a plaintiff to

---

[1] Plaintiff Emma Dunn is required to keep the Court apprised as to her current address. Local Rule 183 provides:

> A party appearing *in propria persona* shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

1

dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(i). Plaintiff Alana Dunn has stated her intent to dismiss this case without prejudice and no defendant has filed an answer or motion for summary judgment. However, Emma Dunn also is pursuing claims in this action. As a result, the notice of voluntary dismissal is only proper and effective as to Alana Dunn's action against defendants.

To the extent Alana Dunn requests a refund of the filing fee for this action, her request will be denied. The Court is unable to return the filing fee. "[V]oluntary dismissal of an action . . . does not entitle the litigant to a refund of filing fees." *See Silva v. Jackson*, No. 1:25-cv-00458-KES-EPG, 2025 WL 2432840, *1 (E.D. Cal. Aug. 22, 2025) (quoting *Grindling v. Martone*, No. 12-00361 LEK/BMK, 2012 WL 4502954, at *2 (D. Haw. Sept. 28, 2012)); *Hardy v. Stokes*, No. 2:24-cv-1798 DJC AC P, 2025 WL 2258554, at *1 (E.D. Cal. Aug. 7, 2025) (noting "courts have generally denied requests for refunds after the commencement of a case, even when the case has been voluntarily dismissed by plaintiff"); *Lopez v. Doe*, No. 5:23-cv-01924-FWS-AJR, 2024 WL 5422706, at *1 (C.D. Cal. Feb. 29, 2024) (collecting cases and noting multiple courts have found there is no statutory basis or precedent for returning a filing fee to a *pro se* plaintiff). Thus, the Court **ORDERS**:

1. Alana Dunn's action against defendants is terminated by operation of law without further order from the Court. Fed. R. Civ. P. 41(a)(1)(A)(i).
2. Alana Dunn's request for a refund of the filing fee is **DENIED**.
3. The Clerk of the Court is directed to terminate **only** Alana Dunn on the docket and the matter remains open.

IT IS SO ORDERED.

Dated:   **December 2, 2025**

/s/ Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE

2