UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMA DUNN and ALANA DUNN,<br><br>Plaintiffs,<br><br>v.<br><br>MARCLITE ELECTRICAL CORPORATION FLORIDA, et al.,<br><br>Defendants. | Case No. 1:25-cv-00565-JLT-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE |

**I.      Background**

Plaintiffs Emma Dunn and Alana Dunn, proceeding *pro se*, initiated this civil action against defendants on May 12, 2025. On November 7, 2025, the Court granted Plaintiffs leave to amend and directed Plaintiffs to file their second amended complaint within thirty days. (Doc. 15.) The order sent to Plaintiff Emma Dunn was returned as "Undeliverable, Return to Sender, Attempted – Not Know, Unable to Forward" on November 24, 2025. (*See* Docket.)

On November 24, 2025, Plaintiff Alana Dunn filed a document titled "Dismissal without Prejudice." (Doc. 16.) The Court construed the filing as a notice of voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41(a). (Doc. 17.) Plaintiff Alana Dunn's action against defendants was therefore terminated by operation of law under Rule 41(a)(1)(A)(i). (*Id.*) Additionally, the Court noted that mail sent to Plaintiff Emma Dunn was returned as undeliverable and informed her of the requirement under Local Rule 183 to keep the Court apprised as to her current address. (*Id.* at 1 n.1.)

**II.     Discussion**

As Plaintiff Emma Dunn was previously informed, she is required to keep the Court

1

apprised of her current address at all times. Local Rule 183(b) provides:

> **Address Changes.** A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[1]

Plaintiff Emma Dunn's address change was due no later than December 24, 2025. Plaintiff Emma Dunn has failed to file a change of address or otherwise update the Court. She also has failed to file a second amended complaint. The Court will therefore recommend that this action be dismissed without prejudice for failure to prosecute.

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

Given Plaintiff Emma Dunn's failure to update her address, file an amended complaint, or otherwise respond to this Court's orders, the need for expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. *In re PPA*, 460 F.3d at 1227. The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal, as a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West,* 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal

---

[1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. *Hells Canyon Pres. Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re PPA*, 460 F.3d at 1228 (citation omitted). More importantly, given the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff Emma Dunn's failure to prosecute this action and her failure to apprise the Court of her current address. *Id.* at 1228–29; *Carey*, 856 F.2d at 1441.

### III.     Conclusion and Recommendation

Based on the above, it is HEREBY RECOMMENDED that this action be dismissed without prejudice based on Plaintiff Emma Dunn's failure to prosecute this action. Fed. R. Civ. P. 41(b); L.R. 183(b).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 30, 2025**             /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE